IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JOSEPH J. BUTTERCASE, | |
|---|---|
| Plaintiff, | 4:19CV3040 |
| vs. | |
| RICHARD G. KOPF, United States District Court Judge; and ERIN E. TANGEMAN, Assistant State of Nebraska Attorney General; | MEMORANDUM AND ORDER |
| Defendants. | |

Plaintiff Joseph J. Buttercase ("Buttercase" or "Plaintiff"), a pro se prisoner litigant, filed a Complaint on May 9, 2019, ECF No. 1, which was originally assigned to the Honorable Richard G. Kopf ("Judge Kopf") as the supervising pro se judge. On May 13, 2019, Judge Kopf recused himself since he is named as a defendant and the matter was reassigned to the undersigned. ECF No. 6; ECF No. 7. Buttercase has been given leave to proceed in forma pauperis. ECF No. 9. The Court now conducts an initial review of Buttercase's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

### SUMMARY OF COMPLAINT

Buttercase brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Judge Kopf and Assistant Nebraska Attorney General Erin E. Tangeman ("Tangeman") (collectively "Defendants") in their individual capacities. Buttercase alleges Defendants have violated his civil rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. ECF No. 1, Page ID 1–2.

Buttercase alleges he "was unconstitutionally arrested, maliciously prosecuted, and wrongfully convicted and imprisoned for the physical and sexual assault, along with various other false charges, of his ex-girlfriend . . . on July 16, 2011, which he did not commit." [ECF No. 1](ECF No. 1), Page ID 1. Buttercase was convicted in the District Court of Gage County, Nebraska, and sentenced on December 4, 2012, to 26 years 8 months to 41 years in prison. His conviction was upheld on direct appeal, and he was later denied state postconviction relief. On March 26, 2018, Buttercase filed a Petition for Writ of Habeas Corpus in this Court—Case No. 8:18cv131[1]—challenging his conviction. Judge Kopf presides over the habeas action and Tangeman is counsel of record for the respondent.

On March 29 and April 26, 2018, Buttercase moved for a stay and abeyance of the federal habeas corpus proceedings due to his pending state court motions for a new trial and DNA testing which he filed on July 14, 2017, in the District Court of Gage County, Nebraska. Buttercase alleges "[Judge] Kopf and Tangeman, together without jurisdiction, denied [Buttercase's] motions to stay on September 18, 2018, and ordered the State to answer the petition even though this Court is in the clear absence of all jurisdiction due to the pending and ongoing state court proceedings." [ECF No. 1](ECF No. 1), Page ID 5. Due to the denial of his motions for stay and abeyance, Buttercase moved to dismiss his habeas petition without prejudice on April 4, 2019. Again, Buttercase asserts that Judge Kopf and Tangeman "conspired and colluded" together to deny his motion to dismiss and that they "are unlawfully conspiring to force the federal habeas corpus proceedings forward to deny Plaintiff's habeas corpus claims with prejudice and collaterally estop his ongoing state court proceedings and violate his constitutional rights." [ECF No. 1](ECF No. 1), Page ID 7.

---

[1] Buttercase asks the Court to take judicial notice of all case filings and records in Case No. 8:18cv131 in reviewing his present Complaint. [ECF No. 8](ECF No. 8). The Court will do so.

Additionally, Buttercase alleges Tangeman "unlawfully solicited, fabricated, and manufactured evidence, and withheld material exculpatory evidence without jurisdiction in her Answer and Respondent's Brief on March 6, 2019," and is "filing . . . false pleadings to deceive this Court for the purpose of unfair adjudication of the Plaintiff's federal habeas corpus claims and deprivation of Plaintiff's federal constitutional rights." ECF No. 1, Page ID 6–7.

As relief, Buttercase seeks a declaration that Defendants' conduct violates his constitutional rights, and a preliminary and permanent injunction enjoining Defendants from subjecting him to such unconstitutional conduct and from presiding or participating in his federal habeas corpus or state court proceedings. Buttercase also requests an award of compensatory and punitive damages.

## STANDARD OF REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint's factual allegations must be "sufficient 'to raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.

*West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## DISCUSSION

### A. Judicial Immunity

Buttercase seeks damages and declaratory and injunctive relief against Judge Kopf, a federal judge for the United States District Court for the District of Nebraska, for alleged violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* actions are implied causes of action for damages against federal government officials in their individual capacities for constitutional violations. *Carpenter's Produce v. Arnold*, 189 F.3d 686, 687 (8th Cir. 1999). "As a general rule, *Bivens* claims and § 1983 claims are almost identical and involve the same analysis." *Solomon v. Petray*, 795 F.3d 777, 789 n.7 (8th Cir. 2015). However, Buttercase's claims against Judge Kopf based on actions taken in his judicial capacity are barred by the doctrine of judicial immunity.

Judges are absolutely immune from suits for damages arising from acts, whether or not erroneous, in their judicial capacities, as long as such actions were not taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (internal citations omitted). Judicial immunity is an immunity from suit, not just from damages, and "is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles*, 502 U.S. at 11. Moreover, "a judge will not be deprived of immunity because the

5

action he took was in error . . . or was in excess of his authority." *Id.* at 13 (internal quotation omitted).

While Buttercase alleges that Judge Kopf's "unlawful actions were and are all done in complete lack of all jurisdiction," ECF No. 1, Page ID 9, his allegations are completely conclusory and lack any factual support. All acts Buttercase complains of were taken in the context of his habeas corpus action in Case No. 8:18cv131, and Judge Kopf clearly has jurisdiction over the habeas corpus action instituted by Buttercase pursuant to 28 U.S.C. § 1331. *See also* 28 U.S.C. § 2254 ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") Even if the Court assumes Judge Kopf's decision denying Buttercase's motion for a stay and abeyance of the habeas corpus proceedings was in error, as Buttercase alleges, such a circumstance does not mean Judge Kopf acted in "complete absence of all jurisdiction" nor does it deprive him of immunity. *Mireles*, 502 U.S. at 12–13.

Buttercase also seeks declaratory and injunctive relief against Judge Kopf. Though the Eighth Circuit Court of Appeals has not addressed the question, several courts have held that judicial immunity also bars *Bivens* actions for declaratory or injunctive relief. *See, e.g.*, *Bolin v. Story,* 225 F.3d 1234, 1240–42 (11th Cir. 2000); *Mullis v. United States Bankr. Court for the Dist. of Nevada,* 828 F.2d 1385, 1394 (9th Cir. 1987), *Paul v. U.S. Dist. Court*, No. 13-6073, 2013 WL 4176969, at *3–4 (W.D. Ark. Aug. 15, 2013); *Voigt v. Conmy*, No. 1:10-CV-35, 2010 WL 2737457, at *3 (D.N.D. June 8, 2010), *report and recommendation adopted*, No. CIV 1:10-CV-35, 2010 WL 2737206 (D.N.D. July 9, 2010);

*Stephens v. Herring*, 827 F. Supp. 359, 364–65 (E.D. Va. 1993). Even if Judge Kopf was not entitled to judicial immunity for Buttercase's claims for declaratory or injunctive relief, equitable relief is not appropriate where an adequate remedy at law exists. *Pulliam v. Allen,* 466 U.S. 522, 543 & n. 22 (1984). An adequate remedy at law exists when the acts of a judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis* 828 F .2d at 1392–94. If Buttercase is ultimately dissatisfied with the outcome of his habeas corpus action before Judge Kopf, he may appeal to the Eighth Circuit Court of Appeals and seek a certificate of appealability to do so in either this Court or in the Eighth Circuit. *See* 28 U.S.C. § 2253. It is not appropriate for this Court to enjoin an ongoing federal habeas action or to enter a declaration as to whether Judge Kopf violated Buttercase's constitutional rights by issuing a ruling with which Buttercase disagrees.

**B. Prosecutorial Immunity**

Buttercase alleges Tangeman violated his constitutional rights by fabricating and withholding evidence, filing false pleadings, failing to disclose after-acquired information that casts doubt on his conviction, and preparing orders for Judge Kopf to "rubber stamp" to deprive Buttercase of his constitutional rights. ECF No. 1, Page ID 12. Like Judge Kopf, Tangeman is entitled to absolute immunity from Buttercase's claims for damages, and Buttercase has failed to demonstrate that he is entitled to equitable relief.

"Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003)). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.*

7

"Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir.1996).

Regarding the scope of absolute prosecutorial immunity outside of the criminal trial context, the Eighth Circuit Court of Appeals held that absolute immunity extends "to the advocacy functions of a state assistant attorney general defending state officials in prisoner civil rights litigation." *Murphy v. Morris*, 849 F.2d 1101, 1105 (8th Cir. 1988). The Court reasoned:

> The traditional requirements for extending absolute immunity are satisfied by a government attorney defending such an action. *See Mitchell [v. Forsyth],* 472 U.S. at 521–22, 105 S.Ct. at 2812–2813. First, there exists a firm common law and historical basis for the extension of immunity to trial counsel. *Butz [v. Economou],* 438 U.S. at 509, 98 S.Ct. at 2912; *Yaselli v. Goff,* 12 F.2d 396, 402 (2d Cir.1926), *aff'd,* 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395 (1927). Second, the performance of advocacy functions by an assistant attorney general creates a great potential for entanglement in vexatious litigation. Especially in prisoner litigation, unsuccessful plaintiffs may seek recourse against the attorney for the state because of activities which the litigant finds disturbing. Assistant attorney generals should not be inhibited in the performance of their duties, or in their choice of litigation strategies, by the threat of harassing lawsuits. And, abuses by counsel may be remedied through contempt or professional disciplinary proceedings.
>
> We are convinced that the regular advocacy functions of an assistant attorney general, in defense of civil rights litigation, are worthy of the protections afforded by absolute immunity. Without such protection, state attorneys will be unable to perform their integral function in the judicial process without fear of harassment or intimidation. *See Butz,* 438 U.S. at 512, 98 S.Ct. at 2913. We therefore follow the lead of the Second Circuit, and hold that a state assistant attorney general's function as a government advocate entitles him or her to absolute immunity from suit for damages. *See Barrett v. United States,* 798 F.2d 565, 571–73 (2d Cir.1986).

*Id.*

Other courts have similarly concluded that absolute prosecutorial immunity applies in the postconviction context, including habeas proceedings, where the prosecutor is acting as an advocate for the state. *See, e.g., Allen v. Florida*, 458 F. App'x 841, 843 (11th Cir. 2012) (per curiam) (holding that attorneys from state attorney general's office were entitled to prosecutorial immunity where prisoner's claims against them "focus[ed] on the content of the State's pleadings in [the prisoner's] criminal and habeas corpus proceedings"); *Warney v. Monroe Cty.*, 587 F.3d 113, 122–23 (2d Cir. 2009) (holding that "absolute immunity shields work performed during a post-conviction collateral attack, at least insofar as the challenged actions are part of the prosecutor's role as an advocate for the state"); *Yarris v. County of Delaware,* 465 F.3d 129, 137 (3d Cir. 2006) ("After a conviction is obtained, the challenged action must be shown by the prosecutor to be part of the prosecutor's continuing personal involvement as the state's advocate in adversarial post-conviction proceedings to be encompassed within that prosecutor's absolute immunity from suit."); *Spurlock v. Thompson,* 330 F.3d 791, 799 (6th Cir. 2003) ("Absolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate.").

Here, Buttercase's allegations against Tangeman relate solely to her representation of the state government respondent in Case No. 8:18cv131. Moreover, his conclusory allegations fail to identify what evidence Tangeman allegedly fabricated or withheld, what false pleadings she filed, or even what orders Tangeman allegedly

9

prepared for Judge Kopf to rubber stamp.[2] Buttercase does not allege any facts against Tangeman that would fall outside the scope of her adversarial functions in representing the State of Nebraska during Buttercase's habeas proceedings. Accordingly, Tangeman is entitled to absolute immunity from Buttercase's claims for damages.

To the extent Tangeman is not immune from Buttercase's claims for declaratory and prospective injunctive relief, the Complaint's allegations are insufficient to state a claim for violations of Buttercase's First,[3] Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights upon which relief may be granted. As discussed above, Buttercase has alleged no facts in support of his conclusory claims of misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. Moreover, as the Court previously stated, equitable

---

[2] Upon review of the record in Case No. 8:18cv131, the Court cannot identify any orders prepared by Tangeman and signed and entered by Judge Kopf.

[3] The Court notes that Buttercase alleges Defendants threatened to dismiss his habeas petition in retaliation for filing it based on ECF No. 5 and ECF No. 13 in Case No. 8:18cv131. However, review of those court filings reveals that ECF No. 5, directing Buttercase to pay the $5.00 filing fee or file a motion to proceed in forma pauperis ("IFP") or face dismissal, was entered in error as the clerk's office entered a non-public docket remark indicating that the filing fee had not been paid and no IFP motion was received even though Buttercase paid the $5.00 fee upon filing. *See* ECF No. 10 (acknowledging Buttercase's payment of filing fee). In ECF No. 13, Judge Kopf ordered Buttercase to clarify his petition by filing a document identifying his habeas claims and advising that failure to do so may result in dismissal of the petition without prejudice. Judge Kopf also mistakenly noted that the petition appeared to have been prepared by Petitioner's son based on a hand-written notation on the final page stating, "Dad – Sign of bottom page 242 (last page)." ECF No. 1, Page ID 243, Case No. 8:18cv131. However, Buttercase cleared up the confusion in an affidavit he filed in Case No. 8:18cv131, ECF No. 17, and the matter proceeded. Under these circumstances, Buttercase's Complaint fails to establish a First Amendment retaliation claim under 42 U.S.C. § 1983 as it is clear Defendants did not take any adverse action against Buttercase that would chill a person of ordinary firmness from continuing in protected activity. *See Peterson v. Kopp*, 754 F.3d 594, 602 (8th Cir. 2014) (setting forth elements of First Amendment retaliation claim).

relief is not appropriate where an adequate remedy at law exists. *Pulliam,* 466 U.S. at 543 & n. 22. There is no reason to conclude that Buttercase may not be able to challenge Tangeman's alleged misconduct in the habeas corpus proceeding itself through discovery or an appeal. See, e.g., Rule 7 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The judge must give the party against whom the additional materials [relating to the petition] are offered an opportunity to admit or deny their correctness.").

**C. Conspiracy Claims**

Citing 42 U.S.C. § 1985, Buttercase also alleged in his Complaint that Judge Kopf and Tangeman conspired and colluded together to violate his constitutional rights. Apart from the fact that both Judge Kopf and Tangeman are entitled to absolute immunity, Buttercase's allegations of conspiracy fail to state a claim upon which relief may be granted and will be dismissed.

> As the Eighth Circuit Court of Appeals has explained:
>
> In order to prove the existence of a civil rights conspiracy under § 1985(3), the [plaintiff] must prove: (1) that the defendants did "conspire," (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws," (3) that one or more of the conspirators did, or caused to be done, "any act in furtherance of the object of the conspiracy," and (4) that another person was "injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States." 42 U.S.C. § 1985(3). . . . "The 'purpose' element of the conspiracy requires that the plaintiff prove a class-based 'invidiously discriminatory animus.'"

*Larson ex rel. Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (en banc) (quoting *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir.1989)). Additionally, "[i]n order to state a claim for conspiracy under § 1985, a plaintiff must allege with particularity and specifically demonstrate with material facts that the

11

defendants reached an agreement. This standard requires that allegations of a conspiracy [be] pleaded with sufficient specificity and factual support to suggest a meeting of the minds directed toward an unconstitutional action." *Kelly v. City of Omaha*, 813 F.3d 1070, 1077–78 (8th Cir. 2016) (internal quotation marks and citations omitted).

A review of Buttercase's Complaint reveals that he has asserted no racial or other class-based invidiously discriminatory animus. Moreover, his bare, conclusory allegations of a "conspiracy" between Defendants lack the requisite specificity and factual support to state a § 1985 conspiracy claim. *See Stephens v. Herring*, 827 F. Supp. 359, 365–66 (E.D. Va. 1993) ("The nature of the judicial function in our adversarial system is to weigh competing arguments in light of the relevant facts and applicable law and, though often difficult, to decide which side wins and which side loses. The fact that a judge accepts one party's arguments and rejects another's cannot, without more, give rise to an inference that the judge conspired with the prevailing party."). Therefore, Buttercase has not alleged a claim on which relief may be granted pursuant to 42 U.S.C. § 1985(3).

## CONCLUSION

Buttercase may not pursue his claims for damages against Judge Kopf and Tangeman as both Defendants are entitled to absolute immunity. To the extent Defendants may not be immune from Buttercase's claims for equitable or injunctive relief, Buttercase is not entitled to such relief where he has an adequate remedy at law. In any case, the conclusory allegations of the Complaint fail to state a plausible claim for relief, and the Court concludes that any attempt at amendment would be futile. Accordingly,

IT IS ORDERED:

1. This action is dismissed with prejudice.

2. A separate judgment will be entered.

Dated this 21st day of November, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge